IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KEITHEN L. JONES                                                                                          PLAINTIFF
ADC #85316

V.                                          NO.  4:06CV00006 JMM

PROPES ALONDRA, et al                                                                        DEFENDANTS

ORDER

On January 3, 2006, Plaintiff, a pro se inmate currently confined to the Grimes Unit of the Arkansas Department of Correction ("ADC"), filed this 42 U.S.C. § 1983 civil rights action (docket entry #2), along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Because Plaintiff's case must be dismissed, in forma pauperis status need not be addressed.

**I.  Sua Sponte Dismissal**

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. Id. § 1915A(a).  This Court is obligated to dismiss a prisoner's in forma pauperis civil action, or a prisoner's in forma pauperis appeal of the judgment in a civil action, at any time either on its own motion or on the motion of a party if it determines that the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Id. § 1915(g).

Section 1915(g) has been held constitutional by Higgins v. Carpenter, 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) ("Section 1915(g) applies only to civil actions, and indigent inmates are not denied IFP status for potentially nonfrivolous civil claims unless and until they file three meritless suits.  Thus, they risk the known possibility of being denied IFP status for future nonfrivolous § 1983 actions when they choose to continue filing frivolous, malicious, and meritless suits after receiving notice of dismissals that would count as § 1915(g) strikes; indigent inmates therefore control whether the three-strikes rule is ever applied to them") (emphasis added).

## II.  28 U.S.C. § 1915(g) - Three Strikes Provision

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Plaintiff has had three or more prior complaints dismissed as either frivolous or for failure to state a claim upon which relief may be granted.  Of the seventeen lawsuits Plaintiff has filed since December 1994, three have been dismissed for failure to state a claim upon which relief may be granted,[1] one has been dismissed as legally frivolous,[2] and four have been dismissed for failure to comply with the Court's orders, thus making those filings frivolous.[3]

---

[1] See Jones v. Correctional Medical Services, 5:03CV00087 (filed March 10, 2003); Jones v. Roberson, 5:96CV00123 (filed February 26, 1996); and Jones v. Banks, 2:95CV00017 (filed February 24, 1995).

[2] See Jones v. Doe, 4:05CV01092 (filed August 11, 2005).

[3] See Jones v. Huckabee, 4:03CV00166 (filed March 12, 2003) (failure to respond to Court's order to file a new in forma pauperis application); Jones v. Chism, 5:03CV00083 (filed March 6, 2003) (failure to respond to Court's order to respond to Defendant's motion to dismiss); Jones v. Courtney, 5:00CV00146 (filed April 21, 2000) (failure to respond to Court's order to submit either the $150.00 statutory filing fee or to file an amended in forma pauperis application); and Jones v. Norris, 5:00CV00144 (filed April 20, 2000) (failure to respond to Court's order to submit either the $150.00 statutory filing fee or to file an amended in forma pauperis application).

The Court additionally finds, based on the allegations contained in Plaintiff's present complaint (docket entry #2), that he is not in imminent danger of serious physical injury. According to Plaintiff's complaint, in 2003 Defendants Simpson and Bowers went above and beyond the law to cause him great hardship by falsifying information on protection orders, coercing information from an incompetent family member, and visiting him at his job which caused an alarmed police patrolman to harass him on site.  In June 2004, both Defendants appeared at Plaintiff's trial and attempted to defame him under oath.  On August 15, 2005, Plaintiff's first day of parole, he contends that both Defendants began harassing him again.  Plaintiff claims that Defendant Alondra of the Little Rock parole office has allowed and condoned the repeated violations of his civil rights.  Plaintiff further alleges in September 2005 that Defendant Simpson charged him with a bogus first degree terroristic threatening felony based on an invalid victim statement.  Plaintiff claims he was rushed to a hearing and was denied the grievance procedure.  Defendant Simpson was called as the sole witness against him and testified that he was facing felony charges even though the charges had been dropped prior to hearing at the victim's request.  According to Plaintiff, Defendant Sanders, the hearing officer, returned him to prison despite the charges being dropped.  Plaintiff took an appeal to the Post Prison Transfer Board which reversed the decision and ordered that he be returned to supervision.  Defendants Hubbard, Mills, and Thomas allegedly signed his release and provided for a bus ticket.  On November 29, 2005, Plaintiff alleges he was advised that he would be released on November 31, 2005; however, twenty-four hours later he was advised by Defendants Thomas and Mills that Defendants Ford and Alondra did not agree with the reversal and

his release papers were discarded. Plaintiff was thereafter transferred to the Grimes Unit. He seeks damages, counsel appointed, and a jury trial as relief.

### III. Conclusion

This is a civil rights action filed by a prisoner, but there is no allegation concerning conditions of confinement. The correct "nature of suit" designation should be 550 (prisoner, civil rights) rather than a 555 (prisoner, conditions of confinement). The Clerk is directed to redesignate this case as a 550.

For the reasons explained herein, Plaintiff's case is DISMISSED WITHOUT PREJUDICE and all pending motions are DENIED WITHOUT PREJUDICE AS MOOT.

Should Plaintiff wish to continue this case, he must submit the statutory filing fee of $250.00 to the Clerk of the Court, noting the above case style and number, within thirty (30) days of this order's entry date, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case will be reopened.

The Court additionally certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order or any judgment entered hereunder, would not be taken in good faith.

IT IS SO ORDERED this 20th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE